**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHRISTINE RENEE GRANGER,

      Plaintiff,

     v.                                                                                   Civ. No. 20-246 SCY

KILOLO KIJAKAZI,
Acting Commissioner of
Social Security,[1]

      Defendant.

**MEMORANDUM OPINION AND ORDER**[2]

Claimant Christine Renee Granger argues that the Administrative Law Judge ("ALJ") who denied her claim for disability insurance benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-434, failed to properly consider her subjective symptom evidence. In addition, Ms. Granger argues that the Appeals Council should have considered the new evidence submitted after the ALJ's decision, because it was chronologically pertinent to the time period of her disability application. The Court agrees that the Appeals Council should have considered the new evidence, and the Court does not reach Ms. Granger's arguments concerning her subjective symptom evidence. As a result, the Court GRANTS Ms. Granger's Motion To

---

[1] Kilolo Kijakazi was appointed the acting Commissioner of the Social Security Administration on July 9, 2021, and is automatically substituted as a party pursuant to Federal Rule of Civil Procedure 25(d).

[2] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned to conduct any or all proceedings and to enter an order of judgment. Docs. 4, 7, 8. The Court has jurisdiction to review the Commissioner's final decision under 42 U.S.C. §§ 405(g) and 1383(c).

Reverse And Remand For A Rehearing With Supporting Memorandum, Doc. 21, and remands this matter for further consideration consistent with this Opinion.[3]

## APPLICABLE LAW

    A.    <u>Disability Determination Process</u>

An individual is considered disabled if she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (pertaining to disability insurance benefits); *see also id.* § 1382c(a)(3)(A) (pertaining to supplemental security income disability benefits for adult individuals). The Social Security Commissioner has adopted the familiar five-step sequential evaluation process ("SEP") to determine whether a person satisfies the statutory criteria as follows:

(1)    At step one, the ALJ must determine whether the claimant is engaged in "substantial gainful activity."[4] If the claimant is engaged in substantial gainful activity, she is not disabled regardless of her medical condition.

(2)    At step two, the ALJ must determine the severity of the claimed physical or mental impairment(s). If the claimant does not have an impairment or combination of impairments that is severe and meets the duration requirement, she is not disabled.

(3)    At step three, the ALJ must determine whether a claimant's impairment(s) meets or equals in severity one of the listings described in Appendix 1 of the regulations and meets the duration requirement. If so, a claimant is presumed disabled.

---

[3] The Court reserves discussion of the background, procedural history, and medical records relevant to this appeal for its analysis.

[4] "Substantial work activity is work activity that involves doing significant physical or mental activities." 20 C.F.R. §§ 404.1572(a), 416.972(a). The claimant's "[w]ork may be substantial even if it is done on a part-time basis or if [she] doe[es] less, get[s] paid less, or ha[s] less responsibility than when [she] worked before." *Id.* "Gainful work activity is work activity that [the claimant] do[es] for pay or profit." *Id.* §§ 404.1572(b), 416.972(b).

    (4)    If, however, the claimant's impairments do not meet or equal in severity one of the listings described in Appendix 1 of the regulations, the ALJ must determine at step four whether the claimant can perform her "past relevant work." Answering this question involves three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ considers all of the relevant medical and other evidence and determines what is "the most [the claimant] can still do despite [her physical and mental] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). This is called the claimant's residual functional capacity ("RFC"). *Id.* §§ 404.1545(a)(3), 416.945(a)(3). Second, the ALJ determines the physical and mental demands of the claimant's past work. Third, the ALJ determines whether, given the claimant's RFC, the claimant is capable of meeting those demands. A claimant who is capable of returning to past relevant work is not disabled.

    (5)    If the claimant does not have the RFC to perform her past relevant work, the Commissioner, at step five, must show that the claimant is able to perform other work in the national economy, considering the claimant's RFC, age, education, and work experience. If the Commissioner is unable to make that showing, the claimant is deemed disabled. If, however, the Commissioner is able to make the required showing, the claimant is deemed not disabled.

*See* 20 C.F.R. § 404.1520(a)(4) (disability insurance benefits); 20 C.F.R. § 416.920(a)(4) (supplemental security income disability benefits); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

    The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The burden shifts to the Commissioner at step five to show that the claimant is capable of performing work in the national economy. *Id.* A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 801 (10th Cir. 1991).

    B.    <u>Standard of Review</u>

    This Court must affirm the Commissioner's denial of social security benefits unless (1) the decision is not supported by "substantial evidence" or (2) the ALJ did not apply the

proper legal standards in reaching the decision. 42 U.S.C. § 405(g); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Casias*, 933 F.2d at 800-01. In making these determinations, the Court "neither reweigh[s] the evidence nor substitute[s] [its] judgment for that of the agency.'" *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (internal quotation marks omitted). "[W]hatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citations omitted). "Substantial evidence . . . is 'more than a mere scintilla.'" *Id.* (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). "It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks omitted).

A decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record," *Langley*, 373 F.3d at 1118 (internal quotation marks omitted), or "constitutes mere conclusion," *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992). The agency decision must "provide this court with a sufficient basis to determine that appropriate legal principles have been followed." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Therefore, although an ALJ is not required to discuss every piece of evidence, "[t]he record must demonstrate that the ALJ considered all of the evidence" and "a minimal level of articulation of the ALJ's assessment of the evidence is required in cases in which considerable evidence is presented to counter the agency's position." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996) (internal quotation marks omitted). But where the reviewing court "can follow the adjudicator's reasoning" in conducting its review, "and can determine that correct legal standards have been applied, merely technical omissions in the ALJ's reasoning do not dictate reversal." *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1166 (10th Cir. 2012). The court

"should, indeed must, exercise common sense." *Id.* "The more comprehensive the ALJ's explanation, the easier [the] task; but [the court] cannot insist on technical perfection." *Id.*

## ANALYSIS

Ms. Granger argues that the Court should remand because: (1) the Appeals Council erred in determining that evidence submitted by Ms. Granger was not new, material, and chronologically pertinent, Doc. 21 at 12-20; (2) the ALJ failed to account for Ms. Granger's subjective allegations of pain and other symptom evidence, *id.* at 20-26. Because the Court agrees that the Appeals Council erred in refusing to consider the new evidence, the Court remands. The Court does not reach Ms. Granger's other argument because the ALJ's analysis on remand may differ, given the instructions to consider the additional evidence.

**The Appeals Council Erred In Rejecting The New Evidence.**

The Appeals Council denied Ms. Granger's request for review. AR 1. In so doing, it noted that Ms. Granger submitted additional medical evidence after the ALJ's hearing decision. AR 2. Specifically, Ms. Granger submitted three additional pieces of medical evidence to the Appeals Council: a Medical Assessment Of Ability To Do Work-Related Activities from Ruben Ramirez, Jr., DC, dated May 13, 2019, AR 34-36; a Vocational Assessment from Diane Weber, MS, CRC, CCM, dated June 15, 2019, AR 10-33; and a letter from Joan L. Levine, LCSW, dated July 5, 2019, AR 8-9. With respect to each of these submissions, the Appeals Council stated: "The Administrative Law Judge decided your case through February 25, 2019. This additional evidence does not relate to the period at issue. Therefore, it does not affect the decision about whether you were disabled beginning on or before February 25, 2019." AR 2.

A.  Standard of review

Under its regulations, the Appeals Council will only review a case if, among other things, it receives additional evidence "that is new, material, and relates to the period on or before the

date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); *id.* § 416.1470(a)(5). This regulation was recently amended. *See* Ensuring Program Uniformity at the Hearing and Appeals Council Levels of the Administrative Review Process, 81 Fed. Reg. 90,987, 2016 WL 7242991 (Dec. 16, 2016) (effective January 17, 2017, with compliance required after May 1, 2017). The amendments added that the Appeals Council will only consider additional evidence if the claimant shows good cause for not informing the ALJ about the new evidence and submitting it to him or her. 20 C.F.R. § 404.970(b); *id.* § 416.1470(b). The amendments also altered the language in the prior regulation that specified the Appeals Council would review a case if the additional evidence demonstrates "a reasonable *possibility*" of changing the outcome of the decision. The standard is now whether there is "a reasonable *probability*" of altering the decision below. *Id.* § 404.970(a)(5); *id.* § 416.1470(a)(5).

Prior to this 2017 amendment, the Tenth Circuit held that whether evidence qualifies for consideration by the Appeals Council under this regulation is a question of law subject to de novo review. *Krauser v. Astrue*, 638 F.3d 1324, 1328 (10th Cir. 2011). The "general rule of *de novo* review permits [the Court] to resolve the matter and remand if the Appeals Council erroneously rejected the evidence." *Id.* (citing *Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004)). If the evidence does qualify and the Appeals Council erroneously rejected it, the case is remanded to an ALJ for a rehearing with the new evidence. *Id.* "If the evidence does not qualify, the Appeals Council does not consider it and it plays no role in judicial review." *Id.* Here, both parties appear to agree that the Appeals Council did not consider the evidence. Doc. 21 at 12; Doc. 23 at 14-15. "This case therefore boils down to whether the Appeals Council

6

should have considered the additional evidence," under the de novo standard of review. *Padilla v. Colvin*, 525 F. App'x 710, 712 (10th Cir. 2013).

The Court first addresses the Commissioner's argument that the 2017 amendment changes the de novo standard of review set forth in Tenth Circuit precedent issued before the effective date of the amendment. Doc. 23 at 15 & n.10 (arguing that the amendment changed the court's standard of review and the Appeals Council's decision should be reviewed for substantial evidence). The Court rejects this argument. First, the Commissioner does not point to any language in the new regulation regarding the standard of review that differs from the previous regulation. *Cf. id*. Second, the Commissioner does not otherwise explain how the amendment could have altered the Tenth Circuit's holding regarding the standard of review. *Cf. id.* Third, the issue before the Court is a question of law, and questions of law are subject to a de novo standard of review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) ("Whether the [evidence] qualif[ies] as new, material, and chronologically pertinent is a question of law subject to our de novo review."). Although the Commissioner summarily asserts the Appeals Council's decision should be reviewed for substantial evidence, the Commissioner makes no argument that the standard of review for questions of law is something other than de novo. And here, the amended regulation did not purport to recharacterize the "new, material, and chronologically pertinent" analysis as a question of fact. In sum, the Court has no reason to conclude the amendments changed any of the relevant language as interpreted by the Tenth Circuit. Therefore, the Court follows Tenth Circuit precedent and proceeds under a de novo standard of review.

B.  Mr. Ramirez

Mental health counselor Ruben Ramirez Jr., DC APC completed a Medical Assessment of Ability to do Work-Related Activities on May 13, 2019. AR 35-36. Mr. Ramirez determined upon observations, records, and objective testing that Ms. Granger could only "[s]tand and/or

walk with normal breaks for a total of less than 2 hours in a 8-hour workday [and] [s]it with normal breaks for a total of less than 4 hours in a 8-hour workday" during "flare ups of fatigue." AR 35. He comments on Ms. Granger's lupus flare ups, autoimmune treatment, and fibromyalgia as "aggravating factors of disability," and notes increased pain, fatigue, and difficulty in her activities of daily living. AR 36. He is a mental health counselor and so the basis of the opinion appears to be mental health limitations as a result of her pain, sleep disturbances, and fatigue. *Id.*; *see also* Doc. 21 at 16 (claimant's motion explaining that "[h]is opinion with regard to Ms. Granger's mental limitations are in light of pain and fatigue unlike the non-examiners who strictly opined about either physical limitations or mental limitations in light of psychological based symptoms").

On appeal, Ms. Granger argues that the Appeals Council should have considered the medical opinion because it is new, material, and chronologically pertinent. Doc. 21 at 16-20. In response, the Commissioner argues only that the opinion does not relate to the adjudicated time period. Doc. 23 at 15-16. Accordingly, the Court will not address whether the evidence is new or material.

On its face, Mr. Ramirez's opinion does not specify the time period to which it pertains. The form does instruct Mr. Ramirez to "consider patient's medical history and the chronicity of findings as from one year prior to initial visit to current examination." AR 35. Mr. Ramirez does not state when the "initial visit" took place. *Cf. id.* And, as the Court has explained in a previous opinion, such instructions are ambiguous: "This instruction . . . does not make clear whether a doctor is to consider a patient's medical history in making an assessment about a claimant's current condition, or whether the doctor is to make an assessment about a claimant's condition during the entire timeframe." *Lopez v. Berryhill*, No. 16-552 SCY, 2017 WL 4356384, at *7

8

(D.N.M. Sept. 30, 2017). Other notations on the form appear to indicate the opinion is contemporaneous, rather than describing a past condition: Mr. Ramirez used "up arrows" to describe Ms. Granger's conditions, AR 36, which the Court assumes indicates an "increased" presence of all these conditions. If Mr. Ramirez considers her condition worse in May 2019 than it was during the adjudicated time period, the temporal relevance of his opinion is diminished.

The Commissioner argues that Mr. Ramirez made no reference to the adjudicated period, and there is no indication that Mr. Ramirez even saw Ms. Granger during the relevant period. Doc. 23 at 15-16. This is a persuasive argument because when this Court has found post-dated evidence to be temporally relevant, it has tended to do so because the evidence comes from a medical practitioner who saw the claimant during the relevant period such that the practitioner could plausibly have an opinion about the claimant's state during that period. *Gallegos v. Saul*, No. 19-397 SCY, Memorandum Opinion and Order, Doc. 34 at 14-15 (D.N.M. Sep. 11, 2020) (cited by claimant, Doc. 21 at 13, 19).

On the other hand, as Ms. Granger argues, Mr. Ramirez's opinion is based on "evidence connected to chronic conditions that were the subject of the record in front of the ALJ." Doc. 21 at 19. Mr. Ramirez considered her lupus flare ups, autoimmune treatment, and fibromyalgia. AR 36. The ALJ found Ms. Granger had medically determinable impairments of lupus and antiphospholipid antibody syndrome (which is an autoimmune disease). AR 50. The ALJ found Ms. Granger's fibromyalgia was not a medically determinable impairment under SSR 12-2p, but Ms. Granger did allege this was a chronic condition during the time period adjudicated by the ALJ, and it is thus temporally relevant. Further, Ms. Granger testified at the hearing before the ALJ about her pain and fatigue related to her lupus flares. AR 80-81.

Ms. Granger's argument mirrors the Tenth Circuit's approach, in an unpublished but persuasive opinion that has been followed by the majority of judges in this district, including the undersigned. In *Padilla v. Colvin*, the Tenth Circuit held that a psychological report conveying an anxiety diagnosis was temporally relevant and the Appeals Council should have considered it. 525 F. App'x 710, 713 (10th Cir. 2013). The ALJ did not find any mental impairments during the relevant time period, *id.* at 711, but the Tenth Circuit found that the new psychological report "corroborate[d] an anxiety diagnosis reported by Mr. Padilla's treating doctor, Dr. Evans, prior to the hearing, as well as Mr. Padilla's hearing testimony." *Id.* at 713. And the "intellectual functioning evaluation relates to and augments Dr. Evans' earlier report that [the claimant] could not read or write." *Id.* The Tenth Circuit also found that an "audiological report" was new—again even though the ALJ did not include hearing lost in the list of impairments at step two—because the claimant "testified about his hearing loss during the hearing before the ALJ." *Id.* In other words, the Tenth Circuit seemed to find it irrelevant that the ALJ did not adjudicate these impairments. Nor did the Tenth Circuit even discuss whether the psychological report was from a doctor the claimant had seen during the relevant time period.

The majority of judges in this District have followed *Padilla* and held that, as long as the additional evidence relates to conditions which were in some fashion presented to the ALJ, it is chronologically pertinent and the Appeals Council must consider it. *Sanchez v. Berryhill*, No. 18cv989 CG, 2019 WL 2912519, at *6-7 (D.N.M. July 8, 2019); *Emmons v. Saul*, No. 19cv102 KBM, 2020 WL 376708, at *6 (D.N.M. Jan. 23, 2020); *Garcia v. Berryhill*, No. 17cv1031 SMV, 2018 WL 4760666, at *4 (D.N.M. Oct. 2, 2018); *Bleau v. Saul*, No. 19cv300 KK, 2020 WL 1049252, at *7-8 (D.N.M. Mar. 4, 2020); *Palomarez v. Colvin*, No. 14cv492 LAM, 2015 WL 13658668, at *5 (D.N.M. Aug. 5, 2015); *Burbridge v. Saul*, No. 20cv100 LF, 2021 WL 236339,

at *7 (D.N.M. Jan. 25, 2021); *Valencia v. Saul*, No. 19cv631 JHR, 2020 WL 7230114, at *5 (D.N.M. Dec. 8, 2020); *Davenport v. Colvin*, No. 14-470 SCY, 2015 WL 13651146, at *3 (D.N.M. Sept. 15, 2015).

These decisions—accepting new evidence related to *established* conditions—are consistent with a line of Tenth Circuit cases holding that new evidence related to *new* conditions is not chronologically pertinent. *See Chambers*, 389 F.3d at 1143-44 (holding that electromyography test conducted six months later did not qualify as it "contain[ed] the first suggestion of a possible condition of unspecified duration and as yet unsubstantiated clinical presence"); *Wall v. Astrue*, 561 F.3d 1048, 1064 (10th Cir. 2009) (clinical note relating to a head injury the claimant sustained in November 2003 did not relate to a decision period ending in October 2003); *Wilson v. Apfel*, 215 F.3d 1338, 2000 WL 719457, at *2 (10th Cir. 2000) (unpublished table decision) (letter written fifteen months later, even though it indicated that treatment was ongoing, did not relate to relevant period when the claimant's principal complaint at the ALJ hearing did not concern issue described in the letter); *Tollett v. Barnhart*, 60 F. App'x 263, 265 (10th Cir. 2003) (rejecting records based upon their post-decision creation date but also noting that "the evidence does not demonstrate that [claimant] was disabled by depression as of the date of the ALJ's decision because it does not indicate that he was suffering from depression" prior to that creation date); *Villalobos v. Colvin*, 544 F. App'x 793, 795-96 (10th Cir. 2013) (letters did not retroactively diagnose conditions predating the administrative law judge's decision and there was otherwise no evidence in the record relating to the conditions).

Although it is a close call, the Commissioner's position is reasonable, and *Padilla* is unpublished and therefore non-binding, the Court will follow the same course the Tenth Circuit set forth in that case. Because Mr. Ramirez opined on conditions that were before the ALJ during

the adjudicated time period, his MSS form was chronologically pertinent and the Appeals Council should have considered it.

      C.      <u>Ms. Weber and Ms. Levine</u>

On June 15, 2019, Mary Diane Weber, MS, CRC, CCM ("Ms. Weber") completed a vocational assessment based on a review of Ms. Granger's file, physical interview, and testing. AR 12-33. Ms. Weber opined that if she were to testify at Ms. Granger's hearing, she would say that Ms. Granger "would not have been able to resume her past work as a receptionist or human resources clerk at a sedentary semi-skilled level of 4; nor would she be able to perform the job tasks of sedentary unskilled jobs." AR 30. On July 5, 2019, Joan L. Levine, LCSW (licensed clinical social worker) reviewed Ms. Weber's vocational assessment and concurred with her findings. AR 9-10. The Court would, if reviewing this evidence in a vacuum, be inclined to affirm the Appeals Council's finding that this evidence was not chronologically pertinent.[5] But because the Court orders remand, the ALJ's prior decision is vacated and the new period of adjudication will extend through the date of the ALJ's future decision on remand. *Krauser v. Astrue*, 638 F.3d 1324, 1329 (10th Cir. 2011). Therefore, on remand, evidence from June and July of 2019 is likely to be chronologically pertinent.

---

[5] Unlike Mr. Ramirez's opinion, these opinions are not ambiguous on their face. Ms. Weber states "I believe that Christine would have difficulty performing work on a full-time sustained basis *now*," and "her depression/adjustment disorder . . . has seemed to *have worsened* over time, and is *now* affecting her ability to concentrate, focus, and think." AR 30 (emphasis added). She concludes: "I do not feel she is a candidate for competitive work *at this time*." *Id.* (emphasis added). Ms. Levine states that she agrees with Ms. Weber's findings and provides her "current" diagnoses for Ms. Granger. AR 9. The Court does not see the *Padilla* standard as particularly useful for opinion evidence that is unambiguous as to the time period. These opinions clearly refer to Ms. Granger's condition at a time that postdates the ALJ's decision by four to five months.

The Court will not address Ms. Granger's remaining claim of error because it may be affected by the ALJ's treatment of this case on remand, particularly given the instructions to consider additional evidence. *Wilson v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

## **CONCLUSION**

For the reasons stated above, Ms. Granger's Motion To Reverse And Remand For A Rehearing With Supporting Memorandum, Doc. 21, is **GRANTED**.

_____
**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**