**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

CHRISTINE RENEE GRANGER,

       Plaintiff,

      v.                                               Civ. No. 18-1142 SCY

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

       Defendant.

**<u>MEMORANDUM OPINION AND ORDER</u>**

THIS MATTER comes before the Court on Plaintiff's Opposed Motion For Attorney

Fees Pursuant To The Equal Access To Justice Act, With Memorandum In Support. Doc. 28.

Plaintiff seeks $7,954.50 in attorney's fees. *Id.* at 1. The Commissioner filed a response in

opposition, Doc. 29, and Plaintiff filed a reply, Doc. 30. Having reviewed the briefing, the

record, and the relevant law, the Court DENIES the motion for fees under the Equal Access To

Justice Act ("EAJA").

Attorney's fees are required under the EAJA if "(1) plaintiff is a 'prevailing party'; (2)

the position of the United States was not 'substantially justified'; and (3) there are no special

circumstances that make an award of fees unjust." *Hackett v. Barnhart*, 475 F.3d 1166, 1172

(10th Cir. 2007) (quoting 28 U.S.C. § 2412(d)(1)(A)). In this case, the Commissioner does not

contest elements one or three, and argues only that her position was substantially justified. Her

"position" refers to both the Commissioner's position in the federal civil case and the agency's

actions at the administrative level. 28 U.S.C. § 2412(d)(2)(D).

The Commissioner bears the burden of showing that her position was substantially

justified. *Hackett*, 475 F.3d at 1172. "The test for substantial justification in this circuit is one of

reasonableness in law and fact." *Id.* (quotation marks omitted). "[T]he government's position must be 'justified to a degree that could satisfy a reasonable person.'" *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "The government's position can be justified even though it is not correct." *Id.* (quotation omitted). In particular, "[w]hen an area of law is 'unclear or in flux, it is more likely that the government's position will be substantially justified.'" *Cherry v. Barnhart*, 125 F. App'x 913, 916 (10th Cir. 2005) (quoting *Martinez v. Sec'y of Health & Human Servs.*, 815 F.2d 1381, 1383 (10th Cir. 1987)). "In determining whether the government's position was reasonable, the trial judge must make a separate review of the government's position to determine whether it was substantially justified." *Hadden v. Bowen*, 851 F.2d 1266, 1267 (10th Cir. 1988). "The government's success or failure on the merits at each level may be evidence of whether its position was substantially justified, but that success or failure alone is not determinative of the issue." *Id.*

Plaintiff raised two issues for review in her motion to remand: (1) the Appeals Council erred in determining that evidence submitted by Ms. Granger was not new, material, and chronologically pertinent; and (2) the ALJ failed to account for Ms. Granger's subjective allegations of pain and other symptom evidence. Doc. 26 at 5. The Court ultimately only considered Plaintiff's first argument and remanded on that basis. *Id.*

Under its regulations, the Appeals Council will only review a case if, among other things, it receives additional evidence "that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 404.970(a)(5); *id.* § 416.1470(a)(5). In opposing Plaintiff's Motion for Remand, the Commissioner pointed out "the record before the ALJ did not reflect mental health counseling." Doc. 23 at 15-16. Nor did the new evidence of

mental health counseling that Plaintiff submitted after the ALJ's decision indicate when Plaintiff received mental health counseling. It appeared the medical provider made no reference to the adjudicated period, and there was no indication that the provider even saw Plaintiff during the relevant period. Doc. 26 at 9. Notations on the form the medical provider made further indicated that the medical provider was expressing an opinion about Plaintiff's condition at the time the provider filled out the form rather than expressing an opinion about Plaintiff's past condition. *Id*. In short, the evidence was unclear as to whether the provider's opinion related to the adjudicated period. Doc. 26 at 8-9.

Nonetheless, the Court followed an unpublished decision from the Tenth Circuit holding that, if the additional evidence relates to *conditions* which were presented to the ALJ, it is chronologically pertinent even if the evidence post-dates the relevant period. Doc. 26 at 9-10; *Padilla v. Colvin*, 525 F. App'x 710, 713 (10th Cir. 2013). The Court was persuaded by Plaintiff's argument that the pain and fatigue the mental health provider described was the result of conditions presented to the ALJ (lupus flare ups, autoimmune treatment, and fibromyalgia). Doc. 26 at 8. The Court noted, however, that the case presented "a close call"; that "the Commissioner's position is reasonable"; and that the Tenth Circuit case the Court found to be persuasive was unpublished and non-binding. Doc. 26 at 10.

Given that the case was a close call on the facts as well as the law, the Court cannot say that the Commissioner's position was unreasonable or not substantially justified. *See Chester v. Apfel*, 1 F. App'x 792, 793-95 (10th Cir. 2001) (stating the Commissioner's "position must have a reasonable basis both in law and fact" and reversing because "the record reveals *no reasonable basis* for either the ALJ's *obvious* legal error in failing to develop the vocational record in the first instance, or for the Commissioner's litigation position" (emphasis added and internal

quotation marks omitted)); *Gatson v. Bowen*, 854 F.2d 379, 380 (10th Cir. 1988) (the Commissioner's position was inconsistent with a "clear" statutory directive). The Commissioner did not unreasonably advocate for the position that the new evidence was not temporally relevant.

The Court does agree with Plaintiff that the Commissioner incorrectly stated in a footnote that reliance on Tenth Circuit cases finding that de novo review should be applied to "the question of whether evidence was new, material, and period-relevant" "is misplaced given . . . recent regulatory change[s]."  Doc. 23 at 15 n.10. As the Court noted in its opinion, the standard of review is likely unchanged, and remains de novo, because the amended regulation did not contain any language addressing the issue. Doc. 26 at 7. Therefore, the regulation could not have altered settled Tenth Circuit law. *Id*.

But the Commissioner's main argument for affirmance was not premised on the standard of review question; reference to the standard of review was an aside in a footnote. The Commissioner's argument was that evidence not related to the adjudicated period on its face, from a provider who had not seen the plaintiff during the adjudicated period, was not temporally relevant. This was a reasonable argument under any standard of review.

Plaintiff also argues that the Commissioner's position at the agency level was not substantially justified. Doc. 30 at 4-5. Plaintiff's argument is essentially that the Appeals Council's position was unreasonable because this Court disagreed with it. *Id.* at 5. As explained above, that is not the standard. The Appeals Council—like the Commissioner in writing the brief defending the decision—could have reasonably viewed this evidence as not temporally relevant.

Having determined that the Commissioner's permission was reasonable and substantially justified, the Court has no choice but to deny Plaintiff's Opposed Motion For Attorney Fees

Pursuant To The Equal Access To Justice Act, With Memorandum In Support. Doc. 28. The

EAJA does not focus on the quality of a plaintiff counsel's representation. It focuses on the

reasonableness of the Commissioner's position. Focusing on the latter rather than former, EAJA

fees are not warranted.

IT IS SO ORDERED.

**STEVEN C. YARBROUGH**
**United States Magistrate Judge**
**Presiding by Consent**